**IN THE DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

UNITED STATES OF AMERICA, and
GOVERNMENT OF THE VIRGIN ISLANDS,
                              Plaintiffs,

vs.

FATHI YUSUF MOHAMAD YUSUF,
    aka Fathi Yusuf
WALEED MOHAMMAD HAMED,
    aka Wally Hamed
WAHEED MOHOMMAD HAMED,
    aka Willie Hamed
MAHER FATHI YUSUF,
    aka Mike Yusuf
NEJEH FATHI YUSUF
ISAM YUSUF, and
UNITED CORPORATION,
    dba Plaza Extra,
                              Defendants.

CRIMINAL NO. 2005-15F/B



PLEA AGREEMENT

I.

INTRODUCTION

    This agreement is entered into by and between defendant United Corporation, d/b/a Plaza Extra (hereinafter "United"), Thomas Alkon, Esquire, and Warren B. Cole, Esquire, Attorneys for United; Fathi Yusuf Mohamad Yusuf, Waleed Mohammad Hamed, Waheed Mohammad Hamed, Maher Fathi Yusuf, Nejeh Fathi Yusuf, and the Department of Justice, Tax Division, and the United States Attorney for the District of the Virgin Islands (collectively referred to as the "Government").

    The parties agree to the following terms:

5228044.1

A.      United will plead guilty to Count Sixty of the Third Superseding Indictment, which charges willfully making and subscribing a 2001 U.S. Corporation Income Tax Return (Form 1120S), in violation of Title 33, Virgin Islands Code, Section 1525(2).

B.      At the time that United enters its plea to the above-referenced count, the Government will dismiss all counts of the Indictment with prejudice against FATHI YUSUF MOHAMAD YUSUF, aka Fathi Yusuf, WALEED MOHAMMAD HAMED, aka Wally Hamed, WAHEED MOHAMMED HAMED, aka Willie Hamed, MAHER FATHI YUSUF, aka Mike Yusuf, ISAM MOHAMAD YOUSUF, aka Sam Yousuf, and NEJEH FATHI YUSUF (all collectively referred to as "individual defendants") , including the temporary restraining order and forfeiture allegations.  The Government agrees not to file any additional criminal charges against United or any of the individual defendants for conduct arising out of the facts alleged in the Indictment.  In accordance with paragraph VI. below, the Department of Justice of the Virgin Islands also agrees that it will file no criminal charges against United or any of the individual defendants for any conduct arising out of the facts alleged in the Indictment.

The Government agrees to dismiss with prejudice all remaining counts of the Indictment against United, including the temporary restraining order and forfeiture allegations, at the time of sentencing.

2

II.

NATURE OF THE OFFENSE

United agrees to plead guilty to Count Sixty of the Indictment, which charges a violation of Title 33, Virgin Islands Code, Section 1525(2).  United acknowledges that the offense to which it is pleading has the following elements:

A.     Elements

        1.     United aided, assisted, procured, counseled, advised, or caused the preparation and presentation of a return;

        2.     The return was fraudulent or false as to a material matter; and

        3.     United acted willfully.

B.     Elements Understood and Admitted.

United, through a representative empowered to accept this plea by virtue of a duly enacted resolution of its Board of Directors, has fully discussed the facts of this case with defense counsel.  United committed each of the elements of the crime charged in Count Sixty of the Indictment and admits that there is a factual basis for a plea of guilty to the charge.

C.     Factual Basis.

The parties agree that the following facts are true and undisputed:

On or about September 18, 2002, United willfully aided, assisted, procured, counseled, advised, or caused the preparation and presentation of a materially false corporate income tax return on Form 1120S for the year 2001 and filed such return with the Virgin Islands Bureau of Internal Revenue (VIBIR).

3

5228044.1

Specifically, United reported gross receipts or sales on line 1c as $69,579,412,

knowing that the true amount was approximately $79,305,980.

III.

PENALTIES

A.      United acknowledges that the maximum penalties for violation of

Count Sixty are the following:

1.      A maximum fine of $5,000;

2.      The Government may seek costs of prosecution, including

but not limited to 1) costs incurred to produce discovery in the investigation and

prosecution of this matter; 2) costs incurred by the United States Marshal's

Service to monitor the operations of Defendant United pursuant to the Temporary

Restraining Order, currently estimated at approximately $1.5 million; and 3) costs

related to witness appearance and travel fees in the investigation and

prosecution of this matter.  United reserves the right to object to the imposition of

the aforementioned costs and to contest the amounts claimed by the

Government.

3.      Restitution in an amount that represents any and all unpaid

gross receipts taxes, corporate income taxes, and individual income taxes owing

to the VIBIR for the Indictment years 1996, 1997, 1998, 1999, 2000, and 2001.

Said restitution is to be determined by the Court in accordance with the figures

and ranges set forth in Exhibit 1, accepting as proven those figures stipulated by

the parties.  For those numbers still in dispute, the Court will determine the

appropriate amount within the ranges proposed by the parties in Exhibit 1,

following briefing, evidentiary presentation, and argument.  In making its

4

determination, the Court may consider all relevant and material evidence presented by the parties without regard to the Federal Rules of Evidence, so long as such evidence is disclosed in advance to the opposing party.  Prior to submitting restitution amounts for the Court's consideration in preparation for sentencing, the parties agree to negotiate in good-faith to arrive at a mutually acceptable amount.

4.     A term of probation of one year, with conditions as set forth in paragraph VIII.E.  United understands that failure to comply with any of the conditions of probation may result in the imposition of further penalties.

B.     In addition to the statutory penalties for violation of Title 33, Virgin Islands Code, Section 1525(2), United shall pay a substantial monetary penalty within the range set forth in paragraph VIII.B., as determined by the Court following briefing and argument by the parties.

IV.

WAIVER OF TRIAL RIGHTS

United understands that this guilty plea waives all of the following rights:

A.     To plead not guilty and to require the Government to prove the elements of the crimes beyond a reasonable doubt;

B.     To a speedy and public trial by jury;

C.     To assistance of counsel at all stages of trial;

D.     To confront and cross-examine witnesses against United; and

E.     To present evidence and to have witnesses testify on United's behalf.

5

V.

## UNITED'S REPRESENTATION THAT GUILTY PLEA IS KNOWING
## AND VOLUNTARY

United represents that:

A.     United has had a full opportunity to discuss all the facts and

circumstances of this case with its counsel and has a clear understanding of the

charges and the consequences of pleading guilty;

B.     No one has made any promises or offered any rewards in return for

United's guilty plea, other than those contained in this Plea Agreement, in

Exhibit 2, which contains the letter of understanding dated February 12, 2010

(this plea agreement controls in the event of any conflicts), or otherwise

disclosed to the Court;

C.     No one has threatened United to induce this guilty plea; and

D.     United is pleading guilty because in truth and in fact United *is* guilty

and for no other reason.

VI.

## AGREEMENT LIMITED TO UNITED STATES ATTORNEY'S OFFICE FOR THE
## DISTRICT OF THE VIRGIN ISLANDS AND TAX DIVISION

This Plea Agreement is between United Corporation, the Individual

Defendants, and the Government.  This Agreement is not intended to bind any

other federal, state, or local prosecuting, administrative, or regulatory authorities

except to the extent specifically expressed herein.  The Government will bring

this Plea Agreement to the attention of other authorities if requested by United.

5228044.1

VII.

PLEA AGREEMENT SUBJECT TO COURT APPROVAL

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that United should be ordered to pay the fine, restitution, and monetary penalties contained within this Plea Agreement and should be sentenced to a term of probation of one year.

If the Court does not adopt the agreement of the parties pursuant to Rule 11(c)(1)(C), both United and the Government reserve the right to withdraw from this Plea Agreement.

VIII.

PARTIES' SENTENCING RECOMMENDATIONS

A.    Fine.  The parties agree that the maximum statutory fine of $5,000 should be imposed.

B.    Monetary Penalty:  The parties propose that the monetary penalty to be imposed pursuant to paragraph III.B. above be imposed in an amount between $250,000 to $5,715,748.

C.    Costs of Prosecution:  The Government proposes that costs of prosecution be imposed as discussed above in paragraph III.A.2.   United contests said number and the categories of costs to be awarded.

D.    Restitution.  The parties propose the restitution amounts and ranges as set forth in Exhibit 1, as referenced in paragraph III.A.3. above.

E.    Terms of Probation

1.    United agrees to a term of probation of one year and agrees to be monitored by an independent third party certified public accounting firm to

7

5228044.1

assure its compliance with the tax laws of the VIBIR.  United agrees to cooperate with the independent third party in carrying out such party's obligations under this agreement.  The selection of a certified public accounting firm as the independent third party will be expressly approved by the Government prior to the beginning of the term of probation.  If the parties cannot reach agreement on a third party, the independent third party will be selected by the Court.

        2.     The independent third party shall make quarterly reports to the Government, the Court, and  United of United's financial condition, results of business operations, tax filings, tax payments, and accounting for the disposition of all funds received.

        3.     United shall submit to:

        (a)     a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the independent third party; and

        (b)     a periodic review of financial statements and tax returns of United.

        4.     United shall be required to notify the court or independent third party immediately upon learning of (a) any material adverse change in its business or financial condition or prospects, or (b) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against United, or any investigation or formal inquiry by governmental authorities regarding United's financial operations.

8

5.      United shall make periodic payments, as specified by the Court, in the following priority:  (a) restitution; (b) fine; and (c) substantial monetary penalty.  After sentencing, the Government agrees to release all lis pendens, restraining orders, liens, or other encumbrances or property except to the extent necessary to assure valid security for the payments of all amounts referenced above.  United shall develop and submit to the Court an effective compliance and ethics program consistent with §8B2.1 (Effective Compliance and Ethics Program) of the United States Sentencing Guidelines. United shall include in its submission a schedule for implementation of the compliance and ethics program.

6.      Upon approval by the Court of the ethics program referred to above, United shall notify its owners, shareholders, directors, officers, and employees of its criminal behavior and its programs referred to above.  Such notice shall be in a form prescribed by the Court.

7.      United shall make periodic reports to the Government and to the Court at intervals and in a form specified by the Court, regarding the organization's progress in implementing the ethics program referred to above. Among other things, such reports shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against  United, or any investigation or formal inquiry by governmental authorities concerning United's financial operations of which  United learned since its last report.

5228044.1

## IX.

## UNITED WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this Plea Agreement, United waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence, including any restitution order, except in the following circumstances: (i) the sentence exceeded the maximum statutory penalty; or (ii) the sentence violated the Eighth Amendment to the United States Constitution.

## X.

## FURTHER CRIMES OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR TO SET ASIDE THE PLEA

This Plea Agreement is based on the understanding that United will commit no additional criminal conduct before sentencing.  If United engages in additional criminal conduct between the time of execution of this agreement and the time of sentencing, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this Plea Agreement and may recommend any lawful sentence.

## XI.

## COOPERATION WITH INTERNAL REVENUE SERVICE AND VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

During the pendency of this matter, United, its shareholders, the individual defendants in this case, and certain related entities and individuals identified in various pleadings or motions in this case, upon the specific advice of their counsel in this matter, did not file tax returns and certain other reporting

5228044.1

documents to the United States or the United States Virgin Islands (USVI) on Fifth Amendment grounds. During the pendency of this matter, those same individuals and entities endeavored to work cooperatively with the U.S. Marshals Service and the USVI governments to pay over as deposits their best estimate of taxes owed on those returns.

Prior to sentencing, United agrees to cooperate with the Government and the VIBIR in filing complete and accurate corporate income tax returns and gross receipts returns for years 2002, 2003, 2004, 2005, 2006, 2007, and 2008 and in paying in full the amounts due thereupon. United agrees to comply with all current tax reporting and payment obligations between the execution of this agreement and sentencing. In addition, prior to the sentencing hearing in this matter, United's shareholders (FY 32.5%, FY 32.5%, SY 7%, ZY 7%, YY 7%, MY 7%, NY 7%), and the individual defendants shall file the outstanding returns and reporting documents and shall make full payments of the amounts due thereupon. United acknowledges that a special condition of probation will require that all corporate returns be filed, and all amounts due and owing under this agreement and all taxes due and owing for tax years 2002 through 2008 must be paid prior to the termination of the period of probation.

The Government agrees that no foreign bank account-related charges or discretionary penalties shall be applied with respect to United or any of the individual defendants so long as such reporting and regulatory compliance is made for each of the years 1996 through 2008 prior to sentencing.

5228044.1

XII.

## ENTIRE AGREEMENT

The Plea Agreement and Exhibit 2 embody the entire agreement between the parties.

Upon the acceptance of the plea of guilty to Count Sixty by United in accordance with this agreement, the Government agrees to promptly move the Court for an Order dismissing the restraining orders against the individual defendants, except to the extent necessary to assure valid security for the payments of all amounts referenced in paragraph VIII., and shall move for entry of an order removing of record all notices of lis pendens or other encumbrances filed in connection with this case against all properties owned in whole or in part by any persons other than United.  The parties agree to meet and confer to determine a schedule to remove pending lis pendens, liens, and other restrictions.

XIII.

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of the Plea Agreement shall be effective unless in writing signed by the Government, United, the individual defendants, and United's shareholders.

XIV.

## UNITED AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this Plea Agreement, United's representative certifies that he or she has been given lawful authority to enter into this Plea Agreement. United further certifies that its counsel has discussed the terms of this Plea Agreement

12

with appropriate officer and directors of United and that United fully understands

its meanings and effect.

The Government agrees to the terms set forth in this Plea Agreement.

RONALD SHARPE
UNITED STATES ATTORNEY

JOHN A. DICICCO
ACTING ASSISTANT ATTORNEY GENERAL
DEPARTMENT OF JUSTICE, TAX DIVISION

Dated: 2/26/10

Mark F. Daly
Lori A. Hendrickson
Kevin C. Lombardi
Trial Attorneys

The defendant United Corporation agrees to the terms set forth in this Plea
Agreement.

Dated: 2, 26/10

Thomas Alkon, Esq.
Attorney for Defendant United Corporation

Dated: 2/26/10

Warren B. Cole, Esq.
Attorney for Defendant United Corporation

Dated: 2/26/10

Warren B. Cole, Esq.
Attorney for Defendant's unindicted shareholders

13

Dated: 2-26-10

Maher Fathi Yusuf
President, Defendant United Corporation

Dated: 2/26/10

Gordon C. Rhea, Esq.
Attorney for Defendant Waleed Mohammed Hamed

Dated: 2/26/10

Randall P. Andreozzi, Esq.
Attorney for Defendant Waleed Mohammed Hamed

Dated: 2/26/10

Derek M. Hodge, Esq.
Attorney for Defendant Nejeh Fathi Yusuf

Dated: 2/26/10

Pamela Colon, Esq.
Attorney for Defendant Waheed Mohammed Hamed

Dated: 2/26/10

Henry C. Smock, Esq.
Attorney for Defendant Fathi Yusuf Mohamad Yusuf

Dated: 2/26/10

John K. Dema, Esq.
Attorney for Defendant Maher Fathi Yusuf

14

5228044.1

## EXHIBIT 1 - RESTITUTION NUMBERS FOR TAX LOSS

| Description | Government | Defendant |
|---|---|---|
| Gross Receipts Tax 1996 | $324,149.55 | $0.00 |
| Gross Receipts Tax 1997 | $234,506.94 | $0.00 |
| Gross Receipts Tax 1998 | $619,496.89 | $272,251.00 |
| Gross Receipts Tax 1999 | $558,830.86 | $603,633.00 |
| Gross Receipts Tax 2000 | $642,057.28 | $642,057.00 |
| Gross Receipts Tax 2001 | $478,832.33 | $386,081.00 |
| **TOTAL GROSS RECEIPTS TAXES** | $2,857,873.85 | $1,904,022.00 |
| Corporate Income Tax - 1996 | $2,214,307.41 | $0.00 |
| Corporate Income Tax - 1997 | $2,360,868.66 | $427,011.00 |
| Corporate Income Tax - 1998 | $3,993,535.34 | $488,323.00 |
| **TOTAL CORPORATE INCOME TAX** | $8,568,711.41 | $915,334.00 |
| Individual Income Tax - 1999 - FY 32.5% | $1,046,359.70 | $0.00 |
| Individual Income Tax - 1999 - FY 32.5% | $1,046,359.70 | $0.00 |
| Individual Income Tax - 1999 - SY 7% | $225,369.78 | $0.00 |
| Individual Income Tax - 1999 - ZY 7% | $225,369.78 | $0.00 |
| Individual Income Tax - 1999 - YY 7% | $225,369.78 | $0.00 |
| Individual Income Tax - 1999 - MY 7% | $225,369.78 | $0.00 |
| Individual Income Tax - 1999 - NY 7% | $225,369.78 | $0.00 |
| **TOTAL INDIVIDUAL INCOME TAX - 1999** | $3,219,568.31 | $0.00 |
| Individual Income Tax - 2000 - FY 32.5% | $1,458,473.19 | $0.00 |
| Individual Income Tax - 2000 - FY 32.5% | $1,458,473.19 | $0.00 |
| Individual Income Tax - 2000 - SY 7% | $314,132.69 | $0.00 |
| Individual Income Tax - 2000 - ZY 7% | $314,132.69 | $0.00 |
| Individual Income Tax - 2000 - YY 7% | $314,132.69 | $0.00 |
| Individual Income Tax - 2000 - MY 7% | $314,132.69 | $0.00 |
| Individual Income Tax - 2000 - NY 7% | $314,132.69 | $0.00 |
| **TOTAL INDIVIDUAL INCOME TAX - 2000** | $4,487,609.81 | $0.00 |
| Individual Income Tax - 2001 - FY 32.5% | $1,545,993.69 | $0.00 |
| Individual Income Tax - 2001 - FY 32.5% | $1,545,993.69 | $0.00 |

| | | |
|---|---|---|
| Individual Income Tax - 2001 - SY 7% | $332,983.26 | $0.00 |
| Individual Income Tax - 2001 - ZY 7% | $332,983.26 | $0.00 |
| Individual Income Tax - 2001 - YY 7% | $332,983.26 | $0.00 |
| Individual Income Tax - 2001 - MY 7% | $332,983.26 | $0.00 |
| Individual Income Tax - 2001 - NY 7% | $332,983.26 | $0.00 |
| **TOTAL INDIVIDUAL INCOME TAX - 2001** | $4,756,903.67 | $0.00 |
| **TOTAL ALL TAXES** | **$23,890,667.04** | **$2,819,356.00** |

Exhibit 2

February 12, 2010

Lori A. Hendrickson, Esq.
US DOJ/Tax Division/N.Criminal Section
601 D. Street NW, Room 7814
Washington, DC 20004-2904

      **Re:**    **United States v. Fathi Yusuf, Crim. No. 05-0015**

Dear Ms. Hendrickson:

      We write to memorialize the process and parameters that will culminate in a formal plea agreement in this case. The parties have agreed to the following terms:

- Defendant United Corporation (d.b.a. Plaza Extra) agrees to plead guilty to Count Sixty, filing a false 2001 Form 1120S, in violation of Title 33, Virgin Islands Code, Section 1525(2);

- The government agrees to dismiss the pending charges against the individual defendants immediately after defendant United Corporation's guilty plea has been entered in court by an authorized representative of defendant United Corporation, according to the terms of a signed plea agreement. The Government agrees not to prosecute United Corporation or any other individual or entity for any other crimes arising out of the conduct alleged in the Third Superseding Indictment;

- The government agrees to dismiss the remaining pending charges against United at the sentencing hearing;

- The parties agree to meet with each other and with representatives of the Virgin Islands Bureau of Internal Revenue (VIBIR) to try to reach agreement for restitution numbers for unpaid gross receipts taxes, corporate income taxes, and individual income taxes for the Indictment years 1996, 1997, 1998, 1999, 2000, and 2001. The numbers for which the parties are able to agree will be set forth in the plea agreement;

- If the parties are unable to reach agreement on any of the tax loss numbers for the Indictment years, they will set forth their own tax loss numbers for each year and for each particular tax, in a format identical to the attached chart. The parties agree that the final determination of the restitution amount for the unpaid gross receipts taxes, corporate income taxes, and individual income taxes for the Indictment years 1996, 1997, 1998, 1999, 2000, and 2001, will be made by Judge Finch after the

Letter of Agreement
February 12, 2010
Page 2 of 5

parties submit sentencing memoranda and present testimonial and documentary
evidence at a hearing.  The parties agree that Judge Finch will determine a liability
based on the range of numbers asserted by the parties in the plea agreement.

- The determination of Judge Finch of the restitution by United Corporation shall be
conclusive of all taxes due and owing to the Government of the Virgin Islands for
years 1996, 1997, 1998, 1999, 2000, and 2001 with respect to all taxes of the
shareholders of United Corporation, both indicted and non-indicted, and employees
of United, including Waheed Hamed and Waleed Hamed, due on or for or on
account of income earned by United Corporation during said years and upon
payment all such tax liabilities shall be deemed satisfied in full.

- Defendant United Corporation agrees to a term of probation of one year, and agrees
to be monitored by an independent third party certified public accounting firm
during the term of probation to assure its compliance with the tax laws of the
VIBIR.  The selection of the independent third party will be expressly approved by
the government prior to the beginning of the term of probation.  If the parties cannot
reach agreement on a third party, the independent third party will be selected by the
Court;

- The government agrees not to prosecute United Corporation or individual
defendants, or assert any civil or criminal accuracy related or reporting penalties, in
years 2002, 2003, 2004, 2005, 2006, 2007, and 2008, provided that the individual
defendants tender documentary proof that they have filed tax returns and paid tax
due as set forth on those returns and as reviewed and accepted by the VIBIR;

- United, its shareholders, and the individual defendants referenced in the
Indictment agree to cooperate with VIBIR to file full and complete tax returns for
all post indictment years through present and to make full payment on any
amounts due thereon.  The Government agrees that no interest, penalties, or time
and interest sensitive penalties should be imposed on the post-indictment returns
so long as said returns are filed in accordance with this agreement.  To the extent
tax deposits already submitted exceed the amount owed on the post indictment
returns as filed, such deposits should be reallocated to other tax periods or
refunded to the particular tax payer.  The VIBIR reserves the right to review the
returns to be filed hereunder to determine whether they are accurate as filed.

- No foreign bank account-related charges or discretionary penalties shall be
applied with respect to any of the individuals and entities so long as such
reporting and regulatory compliance is made for the subject post-indictment
years. (United States Department of Justice, and not VIBIR, has authorization
over this provision).

- The parties agree that United will pay a $5,000 fine and that the Government may
seek a substantial monetary penalty. The parties will negotiate in good faith to
determine the character of this penalty and will set forth a defined range from

Letter of Agreement
February 12, 2010
Page 3 of 5

which Judge Finch will make a final ruling. The parties agree that the Government may also seek reimbursement from United for the actual costs of prosecution, which will be set forth in the plea agreement. United reserves the right to contest the above mentioned penalties and prosecution costs.

- Defendant United Corporation, the individual defendants, and the shareholders of United Corporation, all agree to file original individual income tax returns (or correcting amended returns, if appropriate) for the years 2002, 2003, 2004, 2005, 2006, 2007, and 2008, and provide any documentation or information requested by the VIBIR in order for the VIBIR to make their own independent review and assessment of the accuracy of such returns. Defendant United Corporation, the individual defendants, and the shareholders of United Corporation all agree to take these actions prior to the sentencing hearing;

The United States government and the United States Virgin Islands government agree to the terms set forth in this Letter of Agreement.

RONALD SHARPE
UNITED STATES ATTORNEY


JOHN A. DICICCO
ACTING ASSITANT ATTORNEY GENERL
DEPARTMENT OF JUSTICE
TAX DIVISION

Dated: ___2/12/2010___      *Kevin C. Lombardi*
Mark F. Daly
Lori A. Hendrickson
Kevin C. Lombardi
Trial Attorneys

Dated: 2/15/10      Claudette Watson Anderson
Director
Virgin Islands Bureau of Internal Revenue

Dated: 2/18/10      Denise George Counts
Assistant Attorney General
Virgin Islands Department of Justice
Office of the Attorney General


The defendant United Corporation agrees to the terms set forth in this Letter of Agreement.

Letter of Agreement
February 12, 2010
Page 4 of 5

Dated: 2/26/10

Thomas Alkon, Esq.
Attorney for Defendant United Corporation

Dated: 2/26/10

Warren B. Cole, Esq.
Attorney for Defendant United Corporation

Dated: 2/26/10

MAHER FATHI YUSUF
President, Defendant United Corporation

Dated: 2/26/10

Gordon C. Rhea, Esq.
Attorney for Defendant Waleed Mohammed Hamed

Dated: 2/26/10

Randall P. Andreozzi, Esq.
Attorney for Defendant Waleed Mohammed Hamed

Dated: 2/26/10

Derek M. Hodge, Esq.
Attorney for Defendant Nejeh Fathi Yusuf

Dated: 2/26/10

Pamela Colon, Esq.
Attorney for Defendant Waheed Mohammed Hamed

Dated: 2/26/10

Henry C. Smock, Esq.
Attorney for Defendant Fathi Yusuf Mohamad Yusuf

Dated: 2/25/10

John K. Dema, Esq.
Attorney for Defendant Maher Fathi Yusuf