### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 1:05-15 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM, ORDERS, AND RECOMMENDATION

By agreement of counsel and the parties the sentencing phase of the captioned matter was mediated on June 19 and 20, 2013, before the undersigned.

Pursuant to the understandings to the achieved at the mediation, and the payment of certain funds to the V.I. Bureau of Internal Revenue, a Second Addendum to the Plea Agreement and Sentencing Memorandum was executed.  The matter was thereafter scheduled for sentencing on July 16, 2013 before the Honorable Wilma Lewis, Chief Judge of the District Court.

At the hearing Judge Lewis considered the matters presented, including whether the parties had complied with the conditions precedent for the Rule 11(c)1C plan and whether the Temporary Restraining Order should be extended.

After a thorough consideration of the matters presented the sentencing hearing was continued without date.

At the mediation counsel advised that they had represented the defendant, as well as dismissed defendants, pursuant to a joint defense agreement which had been negotiated early in the litigation.

*USA, et al. v. United Corp., et al.*
Criminal No. 1:05-15
Page 2

Because of a substitution of counsel and divergence in trial strategy the Joint Defense Agreement was concluded on September 19, 2012.

At the close of the mediation the attorneys' billing statements were requested for *in camera* review. After a thorough review of the invoices presented by counsel and the retained accounting experts, the mediator concluded that because of the termination of the Joint Defense Agreement the invoices should be resubmitted *in camera* for consideration of work performed prior to September 19, 2012.

Invoices were received from the Law Offices of Pamela Lynn Colon, LLC., Gordon C. Rhea, P.C., Andreozzi, Bluestein, Fickess, Muhlbauner Weber, Brown LLP, and Freed Maxick, CPA PC. Invoices were not received form Feurst, Ittleman, David, and Joseph, P.L. nor from Nizar Dewood, Esq.

The subject invoices were reviewed *in camera* and the work performed by counsel and the accountants was in furtherance of the object of the Joint Defense Agreement. The invoices submitted are approved as follows:

| | |
|---|---|
| Pamela Lynn Colon, LLC | $46,393.95 |
| Gordon C. Rhea, PC. | 16,737.90 |
| Andreozzi, Bluestein LLP | 118,418.57 |
| Freed Maxick CPA, PC | 151,350.00 |

Accordingly, the sum of $332,900.42 is directed to be released for the restrained assets of the defendant to the Escrow Account of Andreozzi, Bluestein, in accordance with prior protocol established by Judge Raymond Finch, for distribution to counsel and experts in the sums approved pursuant to the Joint Defense Agreement.

*USA, et al. v. United Corp., et al.*
Criminal No. 1:05-15
Page 3

At the initial sentencing hearing before Chief Judge Lewis it was noted that the agreement with respect to identification and engagement of a monitor had not been concluded.

On August 15, 2013 the firm of Kaufman, Rossin and Co. of Miami, Florida entered into an agreement with the defendant to perform the subject services. The mediator is advised that they have commenced their duties, and with the concurrence and agreement of the United States, United Corp. is directed to make timely payment of their invoices in accordance with the accompanying order.

With respect to storage of and access to the voluminous documents generated by the litigation and currently in the custody of the Federal Bureau of Investigations, the mediator is advised that Joyce Bailey has been engaged to undertake the responsibility and her expenses will also be paid by the defendant United Corp.

The mediator is further advised that former defendants Waheed Mohammad Hamed and Waleed Mohammad Mahed have made full payment of their tax obligations for the years 2002 through 2012 pursuant to the terms of the plea agreement.

The premises considered, it is hereby

ORDERED, that disbursement be made from the restrained assets of the defendant for professional services in accordance with the accompanying Order; and it is further

ORDERED, that the CPA/monitor be compensated in accordance with the accompanying Order; and it is further

ORDERED, that the custodian of the documents and discovery be compensated in accordance with the accompanying Order; and it is further

*USA, et al. v. United Corp., et al.*
Criminal No. 1:05-15
Page 4

  RECOMMENDED, that the matter be restored to the sentencing calendar of Chief Judge Lewis for her determination with respect to whether the conditions precedent for sentencing pursuant to Rule 11(c)1C have been fully completed.

ENTERED: S\_____
      GEOFFREY W. BARNARD
      UNITED STATES MAGISTRATE JUDGE